**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Sabino Oswaldo Luis Luis,　　　　　) | Case No. 1:26-cv-10558 |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　　　　Petitioner,　　　　) | |
| 　　　　　　　　　　　　　　　　) | **EMERGENCY MOTION TO** |
| v.　　　　　　　　　　　　　　) | **REQUIRE RELEASE** |
| 　　　　　　　　　　　　　　　　) | |
| PATRICIA HYDE, Field Office Director,　) | |
| MICHAEL KROL, HSI New England Special　) | |
| Agent in Charge, and TODD LYONS, Acting　) | |
| Director U.S. Immigrations and Customs　) | |
| Enforcement, and KRISTI NOEM, U.S. Secretary　) | |
| of Homeland Security,　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　　　　Respondents.　　　) | |
| _____) | |

<u>**EMERGENCY MOTION TO REQUIRE IMMEDIATE RELEASE, MOTION TO**</u>

<u>**REOPEN AND FOR LIMITED INJUNCTIVE RELIEF**</u>

Petitioner, by counsel, respectfully moves this Court to reopen this matter and grant limited injunctive relief. In support, Petitioner states as follows:

1.  This Court previously exercised jurisdiction over this habeas matter, which Respondents did not contest. During the pendency of the case, the Court entered a no-transfer order, and the parties litigated the legality of Petitioner's detention in this District.

2.  After the no transfer order was entered, Respondents transferred Petitioner out of the District of Massachusetts to Rhode Island and since the case has closed to Louisiana at 5AM on or around March 27, without notice to counsel, despite ongoing immigration proceedings scheduled in Chelmsford, Massachusetts.

3.  Since the Court's prior involvement, material developments have occurred. On March 24, 2026, the Immigration Judge and DHS agreed that Petitioner, a former unaccompanied

minor, is entitled to have his asylum application initially adjudicated by USCIS. The parties further agreed to prioritize scheduling that interview before Petitioner's next hearing in Chelmsford on April 28, 2026.

4.  In addition, the criminal charge that was previously relied upon to deny bond is now the subject of an anticipated motion to dismiss. Petitioner's criminal defense counsel intends to seek advancement of the April 7, 2026 pretrial date, and the alleged victim has indicated a desire not to proceed. These developments further undermine the basis for Petitioner's continued detention and heighten the urgency of restoring meaningful access to proceedings in this District.

5.  Petitioner's abrupt transfer to Louisiana directly interferes with these pending proceedings, including his statutory right to pursue asylum before USCIS and his ability to access counsel and participate meaningfully in proceedings anchored in this District.

6.  These facts were not before the Court at the time of closure and constitute extraordinary circumstances warranting relief under Federal Rule of Civil Procedure 60(b), as well as the Court's inherent authority to protect its jurisdiction and ensure the integrity of ongoing proceedings.

7.  The timing and manner of the transfer, occurring immediately after closure and without notice, despite active Massachusetts-based proceedings, raise serious concerns that the transfer was undertaken to frustrate this Court's prior jurisdiction and impede judicial review.

8.  Counsel has attempted to confer with Respondents regarding this relief but has received no response.

WHEREFORE, Petitioner respectfully requests that this Court:

1) Reopen this matter;

2) Order that Petitioner either be released or not be transferred further pending resolution of this case;

3) Order Respondents to show cause why Petitioner should not be returned to the District of Massachusetts or, alternatively, why venue and jurisdiction should not remain anchored in this District; and

4) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

<div style="margin-left:50%">

Respectfully submitted,

/s/ Jacob Miller
Jacob Miller (BBO # 716474)
CEDC New Bedford
235 North Front St.
New Bedford, MA 02746
(774) 929-0835
jacob@cedcnewbedford.org


*Counsel for Petitioner*

</div>

Dated: 03/30/2026